IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| TYRONE MOSS, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX-21-3256 |
| DIRECTOR GAIL WATTS, *et al.*, | * | |
| Defendants. | * | |
| | *** | |

## MEMORANDUM OPINION

Plaintiff Tyrone Moss, a detainee housed at the Baltimore County Detention Center ("BCDC"), filed this excessive force action pursuant to 42 U.S.C. § 1983 against Defendants Director Gail Watts, Lieutenant Devin Murphy, Sergeant Lovelist, Officer Marquez, and Officer Austin. ECF No. 1. Defendants move to dismiss the Complaint.[1] ECF No. 17. Also pending are Moss' motions for appointment of counsel. ECF Nos. 10, 20. The Court has reviewed the pleadings and finds a hearing unnecessary. *See* D. Md. Local R. 105.6 (2021). For the reasons stated below, the motion to dismiss will be denied and counsel will be appointed to represent Moss.

**I.   Background**

The Court accepts the Complaint facts as true and most favorably to Moss. On July 21, 2021, defendant Officer Austin was delivering a meal to Moss' cell when he purposefully shut Moss' hand in the metal meal slot. ECF No. 1 at 2. Moss immediately requested medical attention and to see a supervisor. Both requests were denied. *Id*. at 3. For thirty days, Moss remained in great pain. *Id*. Eventually, his hand was x-rayed but by then, avers Moss, "the damage was done." *Id*. Moss consistently experiences sharp pains in his hand as a result. *Id*.

---

[1] Counsel for Defendants tells this Court that no officers by the name of Lovelist, Marquez, or Austin are employed with BCDC. Nevertheless, counsel entered an appearance and filed a motion to dismiss on behalf of these individual officers. ECF Nos. 17 and 23. The Court proceeds accordingly.

The Complaint also details that because Moss was living in terrible conditions, he "had been complaining," to officers that the cell was "filthy, no water was working, . . . [he had] no clean bed rolls, the cell door and toilet had dried up urine and poop and on it and smelled bad for days. . . ." ECF No. 1 at 3.  In response, Sergeant Lovelist and Officer Marquez maced Moss "in the face for no reason," and dragged him "a long distance" in handcuffs "which hurt and swelled up [his] wrists." *Id.* at 3.  Another supervisor, Lieutenant Deven Murphy, had been present during the assault and did nothing to stop it.  *Id*. at 4.

**II.     Standard of Review**

In reviewing a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court accepts the well-pleaded allegations as true and most favorably to the plaintiff. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "However, conclusory statements or a 'formulaic recitation of the elements of a cause of action will not [suffice].'"  *EEOC v. Performance Food Grp., Inc.*, 16 F. Supp. 3d 584, 588 (D. Md. 2014) (quoting *Twombly*, 550 U.S. at 555).  "Factual allegations must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555.  "'[N]aked assertions' of wrongdoing necessitate some 'factual enhancement' within the complaint to cross 'the line between possibility and plausibility of entitlement to relief.'"  *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557).

Although pro se pleadings are construed generously to allow for the development of a potentially meritorious case, *Hughes v. Rowe*, 449 U.S. 5, 9 (1980), courts cannot ignore a clear failure to allege facts setting forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990) ("The 'special judicial solicitude' with which a district court should view such pro se complaints does not transform the court into an advocate.  Only those questions which

are squarely presented to a court may properly be addressed.") (internal citation omitted)). "A court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are not more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 665 (2009).

**III.     Analysis**

Defendants contend that the Complaint should be dismissed because it fails to state an excessive force claim. ECF No. 17-1. Defendants also press that they are qualifiedly immune. *Id.* at 9. The Court considers each argument.

### A.  Excessive Force Claims

As a pretrial detainee,[2] Moss enjoys the same constitutional protections afforded by the Eighth Amendment as made applicable through the Fourteenth Amendment to the United States Constitution. *Barnes v. Wilson*, 110 F.Supp.3d 624, 629 (D. Md. 2015) (citing *Bell v. Wolfish*, 441 U.S. 520, 535 (1979)). The Eighth Amendment proscribes "unnecessary and wanton infliction of pain" by virtue of its guarantee against cruel and unusual punishment. U.S. Const, amend. VIII; *Gregg v. Georgia,* 428 U.S. 153, 173 (1976); *see Estelle v. Gamble*, 429 U.S. 97, 102 (1976); *King v. Rubenstein,* 825 F.3d 206, 218 (4th Cir. 2016). Because a pretrial detainee is presumed innocent of any criminal offenses, he may not be subject to punishment; and so, any force used against the detainee must be related to some other legitimate government purpose. *Kingsley v. Hendrickson*, 576 U.S. 389, 395 (2015). In this regard, "a pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable" in the given circumstances. *Id.* at 396, *see also Dilworth v. Adams,* 841 F.3d 246, 255 (4th Cir. 2016).

---

[2] Defendants confirmed that Moss had been detained pretrial at the time of the incidents alleged in the Complaint. ECF No. 17-1 at 2; *see also State v. Moss*, Case No. C-03-CR-21-001016 (Cir. Ct. for Balt. Cnty), available at https://casesaerch.courts.state.md.us (last visited June 14, 2023).

3

Objective reasonableness "turns on the 'facts and circumstances of each particular case.'" *Id*. at 397, quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989). This Court must "make this determination from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with 20/20 vision of hindsight." *Kingsley* 576 U.S. at 397. Relevant considerations include the officer's stated reasons for using force; the relationship between that need and the degree of force applied; the nature of the resulting injury; any safety threat to others; and any efforts the officer took to temper the severity of the response. *Lombardo v. City of St. Louis, Missouri*, ___ U.S. ___, 141 S. Ct. 2239, 2241 (2021) (per curium); *see also Kingsley*, 576 U.S. at 397; *Whitley v. Alber*, 475 U.S. 312, 321 (1986).

With this standard in mind and construing the facts most favorably to Moss, the Complaint makes plausible an excessive force claim. Defendant Officer Austin had slammed Moss' hand in a feed slot for no legitimate purpose such as maintaining order or with safety of the detainee population in mind. Rather, his actions were provoked by Moss having asked for a hot meal. Moreover, the force had been so significant that Moss sustained serious and painful injury. Defendants do not argue persuasively to the contrary. Thus, the motion as to this incident is denied.[3]

The Complaint also makes plausible that Defendant officers maced Moss solely because he requested that his living conditions improve. The Complaint details that Moss had been complaining about his squalid living conditions, to which Sgt. Lovelist and Officer Marquez responded by macing him "for no reason," and then dragging him to medical with his cuffs on so tightly that his hands swelled. ECF No. 1 at 3. To be sure, using mace alone is not "per se a cruel and unusual punishment." *McCargo v. Mister*, 462 F.Supp. 813, 818 (D.Md.1978). But where

---

[3] The Complaint avers that Moss repeatedly asked for, and was denied, medical attention for his hand (ECF No. 1 at 2) appointed counsel will have the opportunity to investigate a delay or denial of medical care claim .

allegations make plausible that an officer deploys mace for no legitimate purpose, and "in quantities greater than necessary or for the sole purpose of infliction of pain," an Eighth Amendment claim will survive challenge. *Iko v. Shreve*, 535 F.3d 225, 240 (4th Cir. 2008) (quoting *Williams v. Benjamin*, 77 F.3d 756, 763 (4th Cir. 1996) (emphasis omitted)).

Defendants press that the claim fails because the Complaint does not include "any facts leading up to the use of force, including whether this incident was unprovoked or whether the use of force against the Plaintiff was in another context." ECF No. 17-1 at 6. But to the contrary, the Complaint does just that. It details that Moss "had been complaining" about his cell,[4] and in response to those complaints, he was maced. Defendants do not supply any counterfactual evidence or ask that the Court consider this motion as one for summary judgment. Thus, as defendants are aware, this Court must take the Complaint facts as true and most favorably to Moss. And based on the Complaint allegations, the motion must be denied.

### B. Qualified Immunity

Defendants lastly, and obliquely, argue that because "nothing in the Complaint demonstrates any deliberate indifference" or "conduct that shocks the conscience," they are entitled to qualified immunity. ECF No. 17-1 at 10. The defense of qualified immunity protects state actors from prosecution for violations of federal statutory or constitutional rights that had not been "clearly established" at the time of the alleged violations. *See District of Columbia v. Wesby*, 138 S. Ct. 577, 589 (2018) (citing *Reichle v. Howards*, 566 U.S. 658, 664 (2012)). For a right to be "clearly established," controlling authority or robust consensus of caselaw must "clearly prohibit the officer's conduct in the particular circumstances before him," *id*. at 589-590, with such

---

[4] The Complaint does not assert an unconstitutional conditions of confinement claim, but appointed counsel will be permitted to amend the Complaint to include the claim, if after investigation amendment is warranted.

certainty that the "statutory or constitutional question has been placed beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011).

Again, the Complaint makes a straightforward case of unjustified and excessive force. Officer Austin slammed a feed slot on Moss' hand because Moss had asked for a warm meal. The other Defendant officers maced Moss for complaining about his cell conditions, then fixed cuffs so tightly his hands swelled, and then dragged him to the medical unit. On its face, the excessive force claim is plain, and as described, shocking. Because the "defendant bears the initial burden of demonstrating that the conduct of which the plaintiff complains falls within the scope of the defendant's duties," it would be wholly improper to find the Complaint establishes that defense as a matter of law. *Henry v. Purnell*, 501 F.3d 374, 377 n.2 (4th Cir. 2007) (en banc), *cert. denied*, ─── U.S. ───, 132 S. Ct. 781 (2011) (internal quote marks and citation omitted). *See also Holloman ex rel. Holloman v. Harland*, 370 F.3d 1252, 1265-66 (11th Cir. 2004).

Because this case will proceed, the Court grants Moss' motions for appointed counsel. Within 21 days from appointment, counsel for Moss shall promptly review the pleadings, file an amended complaint, and engage in a good faith meet-and-confer regarding a mutually agreeable schedule regarding the progress of this case. Thereafter, the parties shall file a joint written status report setting forth a proposed schedule for discovery and dispositive motions.

### IV. Conclusion

For the foregoing reasons, Defendants' Motion to Dismiss will be DENIED. Moss's motions to appoint counsel will be GRANTED.

A separate Order follows.

/S/
_____
Paula Xinis
United States District Judge